IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| JASON PRICE | § | |
| VS. | § | CIVIL ACTION NO. 1:19cv224 |
| WENDY ANDERSON, ET AL. | § | |

MEMORANDUM ORDER REGARDING TRANSFER

Plaintiff Jason Price, an inmate confined at the MTC/East Texas Treatment Facility, proceeding *pro se*, brings this civil rights action pursuant to 42 U.S.C. § 1983 against Wendy Anderson and the Management Training Corporation.

The above-styled action was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. 636 and the Local Rules for the Assignment of Duties to United States Magistrates.

Analysis

Plaintiff claims the defendants have conspired to prolong his confinement in violation of his constitutional rights.

The Civil Rights Act, 42 U.S.C. §1981, *et seq.*, under which this case is brought, does not contain a specific venue provision. Accordingly, venue in civil rights cases is controlled by 28 U.S.C. § 1391. *Jones v. Bailey*, 58 F.R.D. 453 (N.D. Ga. 1972), *aff'd per curium*, 480 F.2d 805 (5th Cir. 1973).

When, as in this case, jurisdiction is not founded solely on diversity of citizenship, 28 U.S.C. § 1391 provides that venue is proper only in the judicial district where the defendants reside or in

which the claim arose. Plaintiff states the defendants are both located at the MTC/East Texas Treatment Facility located in Henderson, Texas.

The claims which form the basis of plaintiff's complaint occurred at the MTC/East Texas Treatment Facility located in Henderson, Texas. As the events of which plaintiff complains took place at the MTC/East Texas Treatment Facility, plaintiff's claims arose in Henderson, Texas. In addition, the defendants in this action are both located at the MTC/East Texas Treatment Facility in Henderson, Texas. The city of Henderson, Texas is located in Rusk County, Texas. When public officials are parties to an action in their official capacities, they reside for venue purposes in the county where they perform their official duties, which in this case is Rusk County. *Holloway v. Gunnell*, 685 F.2d 150 (5th Cir. 1982); *Lowrey v. Estelle*, 433 F.2d 265 (5th Cir. 1976). Pursuant to 28 U.S.C. § 124, Rusk County is located in the Tyler Division of the United States District Court for the Eastern District of Texas. As a result, venue is proper in the Eastern District of Texas.

While Rusk County is in the Eastern District of Texas, it is located in the Tyler Division of the district, rather than the Beaumont Division. When a case is filed in the wrong district or division, the court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). *See Kreimerman v. Casa Veerkamp, S.A. de C.V.*, 22 F.3d 634 (5th Cir. 1994) (remanding the case to the Houston Division of the United States District Court for the Southern District of Texas, with instructions that the case be transferred to the McAllen Division of the United States District Court for the Southern District of Texas pursuant to Section 1406(a)).

Accordingly, this case should be transferred to the Tyler Division of this court. A Transfer Order shall be entered in accordance with this Memorandum Opinion.

**SIGNED this the 17th day of June, 2019.**

_____
KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE